**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy Cornelius COLE, Defendant-Appellant.**

**No. 711091.**

United States Court of Appeals, Ninth Circuit.

Aug. 26, 1971.

Hector N. Ortiz, San Francisco, Cal., for appellant.

James L. Browning, U. S. Atty., San Francisco, Cal., for appellee.

Before CARTER, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction by a jury and sentence under an indictment charging appellant with violating 18 U. S.C. § 371 by conspiring with an unknown person to commit a bank robbery in violation of 18 U.S.C. § 2113(a).

The sole contention on appeal is that the evidence was insufficient to show the existence of the conspiracy, the identification of appellant as the robber, and the involvement of the appellant in the specified overt acts in furtherance of the conspiracy. Viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the circumstantial evidence here shows that appellant and his unknown companion stole a car from a used car lot, that the companion drove appellant to the bank where appellant entered and effected the robbery and that the companion waited outside and drove appellant away from the scene.

■■ The conspiracy here was clearly established by circumstantial evidence and this court has previously noted that the existence of a conspiracy can rarely be proved in any other way. Diaz-Rosendo v. United States (9 Cir. 1966) 357 F.2d 124, 129. Similarly, the evidence of appellant's involvement in each of the alleged overt acts was circumstantial but it is well settled that not only the existence of the conspiracy but also the overt acts in furtherance thereof may be established by evidence which is other than direct. *See generally* White v. United States (9 Cir. 1968) 394 F.2d 49.

At the trial appellant was identified as the bank robber by the teller and another bank employee. A handwriting expert from the FBI compared the demand note with other specimens of appellant's writing and testified the same person wrote the samples and the demand note.

Affirmed.